**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**METROPOLITAN LIFE**
**INSURANCE COMPANY,**

                **Plaintiff,**

     **-v-**                                                               **10-CV-552A(Sr)**

**CINTHIA HUTTON, et al,**

                **Defendants.**

---

## DECISION AND ORDER

Metropolitan Life Insurance Company ("MetLife") commenced this interpleader action on or about July 1, 2010 to determine the rights of the respective defendants to the life insurance benefits payable under the Federal Employees' Group Life Insurance ("FEGLI") Policy as a consequence of the death of Kenneth Hutton. Dkt. #1. Specifically, MetLife alleges that there are no beneficiary designation forms on file for decedent, Kenneth Hutton. Dkt. #1, ¶ 12. As a result, the FEGLI benefits are payable pursuant to the Federal Employees' Group Life Insurance Act, Title 5, United States Code, Section 8705. *Id*. The life insurance benefits from decedent's coverage under the FEGLI policy are in the amount of $198,000. *Id*. at ¶ 14. MetLife alleges that defendant Cinthia Hutton may be the surviving spouse/common law spouse of the decedent and she resides in San Pedro Sula, Honduras. *Id*. at ¶ 2. MetLife further alleges that defendants J.E.H. and I.S.H. are the surviving minor son and minor daughter, respectively, of the decedent and they too reside in San Pedro Sula, Honduras. *Id*. at ¶¶ 3-4. Finally, defendant Nicole Hutton and defendant Gabriel

Hutton are the surviving adult daughter and adult son, respectively, of decedent and they reside in Cheektowaga, New York. *Id*. at ¶¶ 5-6.

Among the forms of relief sought by MetLife in this interpleader action are: "the appointment of a guardian of the estate or conservator for the [d]ecedent's minor children, J.E.H. and I.S.H."; "requiring that [d]efendants litigate or settle and adjust between themselves their claims for the FEGLI Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the FEGLI Benefits, plus any applicable interest should be paid"; and permit "MetLife to pay into the Registry of the Court the FEGLI Benefits, plus applicable interest, if any, and upon such payment dismiss[ ] MetLife with prejudice from this action, and discharge[ ] MetLife from an further liability for the FEGLI Benefits plus applicable interest, if any, payable as a consequence of the death of the Decedent." Dkt. #1, ¶ 30(i), (iii) and (iv).

By letter dated September 29, 2010, counsel for MetLife requested that the Court intervene and address certain preliminary issues that had arisen, *to wit*: the appointment of a guardian for J.E.H. and I.S.H., the two minor children of defendant Cinthia Hutton and whom Ms. Hutton claims to be the children of the decedent and the issuance of a Court order notifying Ms. Hutton that the guardian is authorized to accept service of the complaint on behalf of the minor children in accordance with Rule 4(g) and 4(f)(3) of the Federal Rules of Civil Procedure. More specifically, counsel for MetLife explains in her letter that the two minor children reside in Honduras and further that, Honduras is not a signatory to the Hague Convention. Accordingly, MetLife is requesting this Court to direct the manner and method of service of the complaint on

the minor children pursuant to Rule 4(g) and 4(f)(3) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 4(g) provides in pertinent part that service on a minor who is not within any judicial district of the United States must be served in the manner prescribed by Rule 4(f)(2)(A), (f)(2)(B) or (f)(3). Rule 4(f)(3) provides that an individual may be served in a place not within any judicial district of the United States "by other means not prohibited by international agreement, as the court orders."

Accordingly, pursuant to Federal Rule of Civil Procedure 17(c), Corey J. Hogan, Esq. of HoganWillig, 2410 N. Forest Road, Suite 301, Getzville, New York 14068 is hereby appointed to serve as guardian ad litem, *pro bono*, for defendants J.E.H. and I.S.H. for pendency of this matter. The guardian ad litem is hereby directed to accept service of the complaint on behalf of the minor children.

**SO ORDERED**.

Dated:    Buffalo, New York
           October 18, 2010

                                      *s/ H. Kenneth Schroeder, Jr.*
                                      **H. KENNETH SCHROEDER, JR.**
                                      **United States Magistrate Judge**