**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**METROPOLITAN LIFE
INSURANCE COMPANY,**

                **Plaintiff,**

        **-v-**                                            **10-CV-552A(Sr)**

**CINTHIA HUTTON, et al,**

                **Defendants.**

---

## DECISION AND ORDER

Metropolitan Life Insurance Company ("MetLife") commenced this interpleader action on or about July 1, 2010 to determine the rights of the respective defendants to the life insurance benefits payable under the Federal Employees' Group Life Insurance ("FEGLI") Policy as a consequence of the death of Kenneth Hutton. Dkt. #1. Specifically, MetLife alleges that there are no beneficiary designation forms on file for decedent, Kenneth Hutton. Dkt. #1, ¶ 12. As a result, the FEGLI benefits are payable pursuant to the Federal Employees' Group Life Insurance Act, Title 5, United States Code, Section 8705. *Id*. The life insurance benefits from decedent's coverage under the FEGLI policy are in the amount of $198,000. *Id*. at ¶ 14. MetLife alleges that defendant Cinthia Hutton may be the surviving spouse/common law spouse of the decedent and she resides in San Pedro Sula, Honduras. *Id*. at ¶ 2. MetLife further alleges that defendants J.E.H. and I.S.H. are the surviving minor son and minor daughter, respectively, of the decedent and they too reside in San Pedro Sula, Honduras. *Id*. at ¶¶ 3-4. Finally, defendant Nicole Hutton and defendant Gabriel

Hutton are the surviving adult daughter and adult son, respectively, of decedent and they reside in Cheektowaga, New York. *Id*. at ¶¶ 5-6.

Among the forms of relief sought by MetLife in this interpleader action are: "the appointment of a guardian of the estate or conservator for the [d]ecedent's minor children, J.E.H. and I.S.H."; "requiring that [d]efendants litigate or settle and adjust between themselves their claims for the FEGLI Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the FEGLI Benefits, plus any applicable interest should be paid"; and permit "MetLife to pay into the Registry of the Court the FEGLI Benefits, plus applicable interest, if any, and upon such payment dismiss[ ] MetLife with prejudice from this action, and discharge[ ] MetLife from an further liability for the FEGLI Benefits plus applicable interest, if any, payable as a consequence of the death of the Decedent." Dkt. #1, ¶ 30(i), (iii) and (iv).

By letter dated October 4, 2010, counsel for MetLife supplied the Court with a copy of an e-mail from defendant Cinthia Hutton directed to counsel for MetLife, wherein Ms. Hutton stated, *inter alia*, that she is unrepresented in connection with this matter and further that she is unable to afford an attorney to represent her. For purposes of expediency and efficiency, the Court will treat the communication from Ms. Hutton to counsel for MetLife as a request for appointment of counsel.

This Court is required to see that all litigants receive proper representation of counsel under the criteria set forth in *Cooper v. A. Sargenti Co.*, 877 F.2d 170 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). In addition,

pursuant to 28 U.S.C. § 1915(e)(1), courts have the inherent authority to assign counsel to represent indigent litigants.

More importantly, each lawyer - especially those who are admitted to practice in federal court and who therefore are in a position to reap the benefits of such practice - has an ethical obligation under the Code of Professional Responsibility to provide *pro bono* services for the poor. New York Code of Professional Responsibility, Canon 2, EC 2-16; EC 2-25. "Every lawyer, regardless of professional prominence or professional workload, should find time to participate in serving the disadvantaged." EC 2-25. In addition, Rule 83.1(g) of the Local Rules of Civil Procedure provides as follows:

> Every member of the bar of this Court shall be available upon the Court's request for appointment to represent or assist in the representation of indigent parties. Appointments under this rule shall be made in a manner such that no attorney shall be requested to accept more than one appointment during any twelve month period.

It is in this spirit that the Court assigns Heath J. Szymczak, Esq. of Jaeckle, Fleischmann & Mugel, LLP, 12 Fountain Plaza, Suite 800, Buffalo, New York 14202, *pro bono*, to faithfully and diligently represent defendant Cinthia Hutton in this case.

The Clerk of Court is directed to send Mr. Szymczak a copy of this Order and the Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by Court Appointed Counsel.

**SO ORDERED**.

Dated:   Buffalo, New York
         October 19, 2010

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**